UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. HIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-02094 (APM) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

This action arises out of the United States Coast Guard's denial of Plaintiff Matthew Hight's request to take the Great Lakes Pilotage written examination. Plaintiff's suit asserts a mix of constitutional claims and violations of the Administrative Procedure Act ("APA"). Before the merits of his claims are tested, however, Plaintiff asks the court both to supplement the administrative record and to take extra-record discovery from Intervenor-Defendant St. Lawrence Seaway Pilots Association. For the reasons that follow, Plaintiff's request is denied.

I.

To start, Plaintiff asks the court to supplement the administrative record with (1) his training file, evaluation cards, and semiannual performance reviews, and (2) any documents that would support an interpretation of the regulations made by the Coast Guard Director of the Great Lakes Pilotage that is referenced in the Coast Guard's final decision. Pl.'s Mot. to Complete the Record and Compel Extra-Record Suppl. and Disc., ECF No. 46 [hereinafter Pl.'s Mot.], at 11; *see also* Coast Guard Decision on Appeal, Compl., ECF No. 1 [hereinafter Compl.], Ex. F, ECF No. 1-8 [hereinafter Ex. F], at 2. Although Defendant represents that it has produced the

administrative record in its entirety, including Plaintiff's training records, *see* Coast Guard's Opp'n to Pl.'s Mot., ECF No. 51, Plaintiff still insists that the record is incomplete, *see* Pl.'s Reply to Coast Guard's Response to Pl.'s Mot., ECF No. 54 [hereinafter Pl.'s Reply to Coast Guard], at 1–3.

Supplementation of the administrative record is appropriate only in "unusual" circumstances. *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010). The D.C. Circuit has identified three narrow exceptions: "(1) if the agency 'deliberately or negligently excluded documents that may have been adverse to its decision,' (2) if background information was needed 'to determine whether the agency considered all the relevant factors,' or (3) if the 'agency failed to explain administrative action so as to frustrate judicial review.'" *Id.* (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). Relatedly, an agency enjoys a "strong presumption" that it has properly designated the administrative record. *See Stand Up for Cal.! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 116 (D.D.C. 2014) (citing *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)). "To overcome that presumption, a plaintiff must put forth concrete evidence that the documents it seeks to add to the record were actually before the decisionmakers." *Id.* (internal quotation marks omitted); *Maritel*, 422 F. Supp. 2d at 196 (stating that overcoming the presumption requires "clear evidence to the contrary").

Here, although Plaintiff insists that Defendants must possess the training and evaluation records he claims are missing, he points to no portion of the final decision, *see* Ex. F, to establish that those records were "actually before the decisionmakers." Nor does Plaintiff explain how any of the narrow exceptions to the rule against supplementation apply to the purportedly missing material. As for Plaintiff's demand for record support for the Director's interpretation referenced in the final decision, although the relevance of such material is plain, Plaintiff offers no more than

speculation that such records exist. *See* Pl.'s Reply to Coast Guard at 3 ("Of course, Captain Hight does not know if that interpretation has been reduced to writing . . ."). That is not enough to overcome the presumption of regularity. *See Elk Assocs. Funding Corp. v. U.S. Small Bus. Admin.*, 858 F. Supp. 2d 1, 24 (D.D.C. 2012) (stating that "conclusory and speculative assertions, unsupported by any competent evidence, are patently insufficient to overcome the presumption of administrative regularity"). Plaintiff's request to supplement the administrative record is therefore denied.

II.

With respect to his demand to obtain extra-record evidence from Intervenor-Defendant St. Lawrence Seaway Pilots Association ("SLSPA"), Plaintiff seeks four categories of discovery from SLSPA: (1) his training records to the extent they are not part of the administrative record; (2) training records of other pilots, so that he can show unequal treatment in the counting of qualifying round trips; (3) documents concerning an SLSPA ballot measure that seemed to anticipate that Plaintiff would become a member; and (4) a Rule 30(b)(6) deposition of SLSPA. Pl.'s Mot. at 14–17.

"[I]t is black-letter administrative law that in an APA case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (per curiam) (internal quotation marks omitted). The exceptions to this rule "are quite narrow and rarely invoked." *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014). "They are primarily limited to cases where the procedural validity of the agency's action remains in serious question, or the agency affirmatively excluded relevant evidence." *Id.* (cleaned up). In such situations, "resort to extra-record evidence may, for example, help the court to determine whether the administrative record is deficient in the first

3

place." *Id.* "But even then, the exception at most may be invoked to challenge *gross procedural deficiencies*—such as where the administrative record itself is so deficient as to preclude effective review." *Id.* (cleaned up).

This is not the rare case in which resort to extra-record evidence is warranted. Plaintiff advances three claimed violations of the APA: (1) the Coast Guard's interpretation of the minimum trip requirement was "novel" insofar as Plaintiff was treated differently from other pilots, Compl. ¶¶ 241–42; (2) a positive recommendation from the SLSPA is not a pre-condition to sit for the written examination, *id.* ¶¶ 250–51; and (3) membership in the SLSPA is not a requirement to work as a registered pilot, *id.* ¶¶ 257, 260–61. By Plaintiff's own admission, the discovery he seeks would support, at most, the first of these claims. *See* Pl.'s Reply to SLSPA in Support of Pl.'s Mot., ECF No. 53 [hereinafter Pl.'s Reply to SLSPA], at 3 ("The record prepared by the Coast Guard in this case does not allow this Court to determine whether the regulation is being interpreted consistently."). But even as to that claim, Plaintiff does not explain how obtaining other pilots' training records from *SLSPA* will help him show that the *Coast Guard* employed a novel interpretation of its regulations or treated him differently from other pilots. His theory seems to be that other pilots' training records will reveal inconsistent application of the trip requirement by the Coast Guard. He identifies, however, no other pilot who received a more favorable interpretation of that requirement than him. Plaintiff's demand for other pilots' training records thus amounts to a fishing expedition that the APA does not countenance.

The other discovery Plaintiff seeks is not warranted either. Plaintiff fails to explain how obtaining more of his training records from SLSPA will inform the propriety of the Coast Guard's decision-making, if those records were not before the Coast Guard in the first place. *See* Pl.'s Mot. at 14. Records concerning the SLSPA's ballot measure likewise are of no moment. Plaintiff

4

contends that such records would show "bad faith" on the part of SLSPA in withholding a positive recommendation to the Coast Guard. *Id.* at 16–17. However, SLSPA's motives are not relevant to whether the Coast Guard acted arbitrarily and capriciously by treating SLSPA's recommendation as a prerequisite to Plaintiff's taking the written examination.

Additionally, Plaintiff demands a Rule 30(b)(6) deposition of SLSPA "to clarify to what extent Captain Hight is being subjected to a novel interpretation of the regulations," and to "reveal whether the Association's decision to torpedo Captain Hight's nomination was pretextual." *Id.* at 17. But neither SLSPA's understanding of the regulations nor its reasons for not recommending Plaintiff have any bearing on Plaintiff's challenges to the Coast Guard's decision under the APA.[1]

Finally, Plaintiff maintains that discovery is warranted from SLSPA because "constitutional claims are at stake." *Id.* at 8. Other than incanting constitutional concerns, however, Plaintiff nowhere explains how these concerns necessitate "extra-record" evidence from SLSPA to prove his APA claims against the Coast Guard.[2]

III.

Finally, Plaintiff asks to submit his own declaration to supplement the record. *Id.* at 17. Plaintiff suggests that such a declaration would be relevant to his procedural due process claim. Pl.'s Reply to SLSPA at 9. But he also broadly asserts that a declaration would "allow[ ] him to present his side of the story now." *Id.* Thus, it remains unclear what purpose Plaintiff's proposed declaration would serve. The court need not resolve this issue now, however. If Plaintiff wishes

---

[1] In its final decision, the Coast Guard did acknowledge a dispute between Plaintiff and SLSPA about whether certain trips would count toward the minimum requirement. Ex. F at 3–4. But the Coast Guard did not resolve that disagreement, as it ultimately found that Plaintiff's "own exhibits demonstrate that [he] [had] not completed the minimum number of trips for Area 1." *Id.* This finding underscores the irrelevance of SLSPA's position on qualifying trips to Plaintiff's APA claims.

[2] To be clear, the court does not understand Plaintiff to be seeking discovery from SLSPA to prove his *constitutional* claims. Rather, his motion is limited to a demand for "extra-record" evidence, i.e., evidence that was not before the Coast Guard when it made its decision, to support his APA claims. *See* Pl.'s Mot. at 13.

5

to submit a declaration with his cross-motion for summary judgment, he must seek leave of court and explain concisely why such declaration is relevant to his claims.

IV.

For the foregoing reasons, Plaintiff's Motion to Complete the Record and Compel Extra-Record Supplementation and Discovery, ECF No. 46, is denied insofar as it asks to supplement the record and to take discovery from SLSPA. Plaintiff must seek leave of court to file a declaration with his cross-motion for summary judgment.

SLSPA's Conditional Cross-Motion to Allow Reciprocal Supplementation and/or Discovery, ECF No. 50, is also denied. SLSPA only sought such supplementation in the event that "the Court takes the unusual step of allowing Plaintiff . . . to supplement the record or engage in extra-record discovery."

Finally, the parties shall meet and confer and, by April 7, 2020, file a Joint Status Report that proposes a schedule for further proceedings.

Dated: March 30, 2020

Amit P. Mehta
United States District Court Judge